```
           UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
             Civil No. 03-5471(DSD/SRN)
```

St. Paul Fire and Marine
Insurance Company,

        Plaintiff,

v.                                                     **ORDER**

Compaq Computer Corporation,

        Defendant.

 

This matter is before the court upon defendant's objections to the report and recommendation of United States Magistrate Judge Susan R. Nelson dated December 23, 2005. In her report, the magistrate judge recommended that plaintiff's motion for partial summary judgment be granted in part and that defendant's motions to strike and for partial summary judgment be denied. After a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation in part.

**BACKGROUND**[1]

In late 1999 and early 2000, two class action lawsuits were filed against defendant Compaq Computer Corporation ("Compaq") regarding alleged defective computer products. The first action was filed on October 31, 1999, by Charles Thurmond and others in

---

[1] The factual and procedural background in this matter is fully set forth in the report and recommendation. (R&R at 1-18.)

the United States District Court for the Eastern District of Texas. Nearly three months later on January 28, 2000, Hal LaPray and others brought the second action in the District Court of Jefferson County, Texas.  The Thurmond action was eventually dismissed on jurisdictional grounds. See Thurmond v. Compaq Computer Corp., 171 F. Supp. 2d 667 (E.D. Tex. 2001).

During the relevant time period, plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") was Compaq's liability insurer.  On February 8, 2000, Compaq tendered its defense of the LaPray action to St. Paul, and St. Paul accepted.  St. Paul had also initially accepted a similar tender in Thurmond, but later withdrew its defense. In response, Compaq sued in Minnesota state court.  The Court of Appeals of Minnesota ultimately held that St. Paul had no duty to defend in Thurmond.  See Compaq Computer Corp. v. St. Paul Fire & Marine Ins. Co., 2003 WL 22039551 (Minn. Ct. App. Sept. 2, 2003) (unpublished opinion), review denied (Minn. Nov. 18, 2003).  St. Paul then filed two lawsuits in Minnesota state court to recover expenses incurred in defending Thurmond and to seek a declaration that it had no duty to defend in LaPray. Compaq removed both cases to this court and filed a counterclaim for breach of contract and damages arising from St. Paul's withdrawal from defense of the Thurmond action.

On October 12, 2004, the court found that the doctrine of res judicata barred Compaq's counterclaim. By order dated October 13,

2004, the court held that St. Paul had a duty to defend Compaq in the LaPray action. The parties now bring cross motions for summary judgment concerning the defense costs incurred by Compaq in LaPray. St. Paul contends that it is not liable for costs incurred by Compaq before the Thurmond action was dismissed on March 15, 2001. By contrast, Compaq asserts that it is entitled to defense costs incurred before March 15, 2001, that (1) related only to the LaPray action or (2) served purposes in both the LaPray and Thurmond actions ("double duty defense costs").

The magistrate judge recommended granting St. Paul's motion for partial summary judgment as to Compaq's double duty defense costs and denying its motion as to LaPray-only costs incurred before March 15, 2001. As to Compaq's double duty defense costs, the magistrate judge concluded that recovery was barred on numerous grounds including collateral estoppel, res judicata, law of the case, judicial admission and insurance policy language. Compaq objects to all grounds.[2] The magistrate judge also recommended denying as moot Compaq's motion to strike an affidavit submitted in support of St. Paul's motion. Compaq also objects to that recommendation. The court addresses all of Compaq's objections in turn.

---

[2] Compaq does not object to the magistrate judge's recommendation to deny its motion for partial summary judgment. The court will therefore adopt that recommendation without further discussion.

3

**DISCUSSION**

The court reviews the reports and recommendations of the magistrate judge de novo.  See 28 U.S.C. § 636(b)(1)(c).

**I.   Grounds for Summary Judgment**

As an initial matter, Compaq objects to the sua sponte legal grounds relied upon by the magistrate judge to grant in part St. Paul's motion for summary judgment.  The court may order summary judgment sua sponte only if the party against whom judgment will be entered is given sufficient advance notice and an adequate opportunity to oppose the order.  Figg v. Russell, 433 F.3d 593, 597 (8th Cir. 2006).  Here, the alleged sua sponte grounds for granting summary judgment in part are collateral estoppel, judicial admission and law of the case.  However, the parties briefed and argued the issues relevant to the sua sponte grounds relied upon by the magistrate judge. (See, e.g., Def.'s Supplemental Resp. Brief Opp'n Pl.'s Mot. Partial Summ. J. at 20, 23-24; Pl.'s Supplemental Reply Supp. Mot. Summ. J. at 14-16.)  Moreover, the report and recommendation served as further notice to Compaq of such legal grounds, and Compaq had an opportunity to respond by filing objections with the court.  Therefore, the court finds that Compaq had adequate notice and opportunity to respond to the legal grounds relied upon by the magistrate judge. For these reasons, the court overrules Compaq's objection.

**II.   Defendant's Substantive Objections**

   **A.   Collateral Estoppel**

First, Compaq objects to the magistrate judge's conclusion that the doctrine of collateral estoppel bars Compaq's recovery of double duty defense costs.  The doctrine of collateral estoppel bars the re-litigation of an issue that was "distinctly contested and directly determined" in an earlier adjudication.  Hauschildt v. Beckingham, 686 N.W.2d 829, 837 (Minn. 2004) (en banc).  The issue must have been "necessary and essential to the resulting judgment" in the earlier action.  Id.  Here, Compaq argues that the issue of Thurmond defense costs decided by the Minnesota courts is not identical to the issue whether Compaq may recover such costs that are also attributable to the LaPray action.  Although it is a close question, the court finds that Compaq's argument has merit.  The specific issue of Compaq's recovery of defense costs attributable to both Thurmond and LaPray was not distinctly contested and determined in the Minnesota state action.  Therefore, the court finds that the doctrine of collateral estoppel does not bar Compaq's claims for such defense costs.

   **B.   Res Judicata**

Second, Compaq objects to the magistrate judge's conclusion that the doctrine of res judicata bars its claim for double duty defense costs.  The doctrine of res judicata is broader than collateral estoppel and may preclude subsequent litigation even if

5

a particular issue or legal theory was not addressed in the earlier adjudication. See Hauschildt, 686 N.W.2d at 837, 840. Under res judicata, a judgment on the merits bars a subsequent suit for the same cause of action including all alternative theories of recovery that could have been asserted earlier. Id. at 840. A "cause of action" consists of a set of operative facts that give rise to one or more bases for suing. Id. Therefore, to determine whether res judicata applies, the court asks whether the same evidence will sustain both actions. Id. at 840-41.

Here, the magistrate judge properly concluded that the doctrine of res judicata bars Compaq's claim for double duty defense costs. Compaq's present claim involves the same cause of action litigated in the Minnesota courts because the same evidence concerning the origin and purpose of the Thurmond costs sustains both actions. Cf. Liddell by Liddell v. Bd. of Educ. of City of St. Louis, 73 F.3d 819, 823 (8th Cir. 1996) ("cause of action" involves overall entitlement to fees in question); Ruple v. City of Vermillion, 714 F.2d 860, 862 (8th Cir. 1983) (res judicata bars action where all theories of relief depend upon single series of transactions). As the magistrate judge noted, Compaq should have raised its present alternate theory of recovery in the earlier action. Compaq has failed to show that it could not have raised its present theory earlier. Compaq's remaining arguments that res judicata does not apply are without merit. For all of the above

reasons, the magistrate judge correctly held that res judicata bars Compaq's request for double duty defense costs.

### C.    Law of the Case

Third, Compaq objects to the magistrate judge's conclusion that this court's previous determinations are the law of the case and preclude Compaq's request for double duty defense costs.  The court previously held that the application of the doctrine of res judicata to the Minnesota state court action bars Compaq's claim for Thurmond defense costs and that St. Paul is entitled to recover expenses incurred in defending the Thurmond action.  See St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp., Case No. 03-6485 (D. Minn. Oct. 12, 2004).  As a result, the court resolved the question of the parties' entitlement to costs incurred in Thurmond. Therefore, the court finds that the magistrate judge correctly concluded that Compaq's request for defense costs first incurred in Thurmond is subject to the law of the case doctrine.[3]  Compaq's objection is overruled.

---

[3] The court acknowledges that the law of the case doctrine is limited to decisions rendered in "subsequent stages of the *same case*." United States v. Hively, -- F.3d --, 2006 WL 305515, at *11 (8th Cir. 2006) (emphasis added).  Here, the court decided the Thurmond defense costs issue in a case separate from the instant action.  However, the two cases are closely related in substance and in timing.  Such circumstances support the application of the law of the case doctrine, which is meant to prevent re-litigation of settled issues.  See Mosley v. City of Northwoods, 415 F.3d 908, 911 (8th Cir. 2005).  Therefore, the court finds that the law of the case doctrine applies in these circumstances.

### D.   Judicial Admission

Fourth, Compaq objects to the magistrate judge's conclusion that a statement in its brief to the Minnesota state court constitutes a judicial admission that precludes recovery for double duty defense costs.  In its brief to the state court, Compaq argued that "the LaPray action essentially was dormant" before the Thurmond action was dismissed.  The magistrate judge concluded that this statement does not bar Compaq's request for LaPray-only defense costs but does bar its request for costs incurred for both actions before Thurmond was dismissed.  Compaq argues that, when all inferences are drawn in its favor, the statement does not contradict a request for double duty defense costs.  The court agrees that such an unspecific statement cannot bind Compaq on only specific requests for defense costs.  Compaq's objection as to judicial admission is sustained.

### E.   Construction of Policy

Finally, Compaq objects to the magistrate judge's conclusion that the language in the St. Paul policy unambiguously bars the double duty defense costs requested.  The court finds that the magistrate judge correctly interpreted the policy.

### III. Motions to Strike

Compaq objects to the magistrate judge's failure to strike the affidavit of James Zacharski and Exhibit 1 thereto.  The magistrate judge concluded that "Compaq's best evidence rule and personal

8

knowledge objections [to Zacharski's affidavit] are mooted because the Court has looked only to the business records themselves and not Zacharski's characterization of those records." (R&R at 21.) Compaq contends that the court should nonetheless reach the merits and strike the challenged documents. The court disagrees. It is common practice to deny as moot motions to strike when the court does not rely upon the challenged material. See Stewart v. Prof'l Computer Ctrs., Inc., 148 F.3d 937, 940 n. 3 (8th Cir. 1998); McAninch v. Fed. Express Corp., 398 F. Supp. 2d 1025, 1037 (S.D. Iowa 2005). Therefore, Compaq's objection is overruled.

St. Paul requests the court to strike some or all of Compaq's objections to the report and recommendation for exceeding the word limit. The excess material filed by Compaq would not change the court's analysis, and the court has not relied upon the material. Therefore, St. Paul's request is also denied as moot.

## CONCLUSION

After conducting a de novo review of the file and record in this matter, the court adopts the magistrate judge's report and recommendation in part. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for partial summary judgment [Docket No. 75] is granted in part and denied in part.

2. Defendant's motion for partial summary judgment [Docket No. 96] is denied.

3.   Defendant's motion to strike [Doc. No. 114] is denied.

4.   Plaintiff shall file an amended pleading within twenty (20) days of the date of this order setting forth the doctrine of res judicata as an affirmative defense.

5.   Any other relief requested not addressed in this order or in the report and recommendation dated December 23, 2005, is denied.

Dated:  March 2, 2006

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court