UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 03-5471(DSD/SRN)

St. Paul Fire and Marine
Insurance Company,

        Plaintiff,

v.                                       **ORDER**

Compaq Computer Corporation,

        Defendant.

Charles E. Spevacek, Esq., Jenneane L. Jansen, Esq., Jennifer E. Ampulski, Esq., Michael P. McNamee, Esq. and Meagher & Geer, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402, counsel for plaintiff.

Christopher L. Lynch, Esq., Paul A. Banker, Esq., Thomas C. Mielenhausen, Esq. and Lindquist & Vennum, 80 South Eighth Street, Suite 4200, Minneapolis, MN 55402 and Lara Mackey, Esq., Martin D. Katz, Esq. and Sheppard, Mullin, Richter & Hampton, 1901 Avenue of the Stars, 16th Floor, Los Angeles, CA 90067, counsel for defendant.

This matter is before the court on defendant's motion for statutory damages pursuant to the Texas Insurance Code's Prompt Payment of Claims statute. Based upon a review of the file, record and proceedings herein, and for the following reasons, defendant's motion is denied.

## BACKGROUND

This statutory damages dispute arises out of an insurance coverage dispute between plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") and defendant Compaq Computer Corporation ("Compaq").  On January 28, 2000, a group alleging damages due to faulty floppy diskette controllers filed a purported class action lawsuit against Compaq in Jefferson County, Texas (the "LaPray action").  On February 8, 2000, Compaq tendered the LaPray action to St. Paul under the package insurance policy number TE09101203 for defense and potential indemnification.  (See Mackey Aff. Ex. 3.)  Under the policy, St. Paul had the duty to defend Compaq for any potentially covered claim.  (See id. Ex. 4.)  St. Paul accepted the defense of the LaPray action and agreed to reimburse Compaq for costs incurred defending the action while reserving the right to challenge coverage at a later time. Pursuant to an agreement with St. Paul, Compaq selected its own defense counsel for the LaPray action.  (See id. Ex. 7.) Throughout the litigation, Compaq directly paid legal fees to its chosen counsel and submitted documentation to St. Paul setting forth the expenses incurred.

St. Paul refused to reimburse Compaq for all of its legal expenses and eventually withdrew its defense.  On September 5, 2003, St. Paul filed an action in Minnesota state court seeking a declaration that it did not have a duty to defend Compaq in the

LaPray action.  Compaq removed the action to federal court and counterclaimed that St. Paul breached its duty to defend under the policy.  The parties filed cross-motions for summary judgment, and on October 13, 2004, the court granted summary judgment in favor of Compaq, holding that St. Paul had a duty to defend Compaq in the LaPray action.  (See Order of Oct. 13, 2004, Doc. No. 64.)  The parties then settled remaining disputes related to the costs of reimbursement, prejudgment interest and attorneys' fees in a settlement agreement read into the record on October 4, 2006.  The court entered a partial entry of judgment on November 27, 2006, pursuant to the terms of the settlement agreement.

The parties failed to settle the issue of statutory interest.  In the current matter, Compaq argues that it is entitled to statutory interest pursuant to the Texas Insurance Code Prompt Payment of Claims statute.  Tex. Ins. Code Ann. §§ 542.051-.061. Based on the $6,735,255.32 judgment against St. Paul for failing to defend Compaq in the LaPray action, Compaq claims that St. Paul owes $4,580,989.05 in statutory interest through September 30, 2006, plus $3,315.30 per day until the judgment is satisfied.  The parties agree that Texas law governs this diversity case.

**DISCUSSION**

The Texas Prompt Payment of Claims statute provides deadlines for insurance companies to decide whether to accept or reject

3

claims from the insured.  See Tex. Ins. Code § 542.056.  The statute applies to "any insurer authorized to engage in business as an insurance company or to provide insurance in [Texas], including ... (3) a stock fire or casualty insurance company; [and] (4) a mutual fire or casualty insurance company."  Id. § 542.052.  If liable for a claim under an insurance policy, an insurer that fails to comply with the Prompt Payment of Claims statute must pay the insured, in addition to the amount of the claim, eighteen percent of the amount of the claim plus attorney's fees.  Id. § 542.060.  The statute is triggered by the filing of a "claim," defined as a "first party claim ... made by an insured or policyholder under an insurance policy or contract or by a beneficiary named in the policy or contract ... [that] must be paid by the insurer directly to the insured or beneficiary."  Id. § 542.051.

Compaq argues that because the court found that St. Paul owed Compaq a duty to defend, St. Paul's failure to reimburse Compaq for its legal expenses violated the Prompt Payment of Claims statute. Compaq maintains that because it paid its own legal defense fees it suffered a first-party loss as defined by the statute.  St. Paul argues that Compaq's request for a defense is not a first-party claim.  It asserts that the duty to defend is a third-party insurance obligation and that a failure to do so is at most a breach of contract, not a breach of the policy that would trigger the Prompt Payment of Claims statute.  The court agrees.

The Texas Supreme Court has not decided whether an insured's demand for a defense is a claim within the scope of the Prompt Payment of Claims statute.  The lack of a definitive interpretation has created a divide between Texas state courts of appeals and federal district courts that have addressed the issue.  State appellate court decisions have found that an insured's demand for defense is not a first-party claim as required by the Prompt Payment of Claims statute, while the majority of Texas federal district courts have decided otherwise. Compare Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co., — S.W.3d —, 2006 WL 1892669, at *13 (Tex. App. July 6, 2006) (demand for defense not first-party claim), and TIG Ins. Co. v. Dallas Basketball, Ltd., 129 S.W.3d 232, 240 (Tex. App. 2004) (same), with Rx.com Inc. v. Hartford Fire Ins. Co., 364 F. Supp. 2d 609, 612 (S.D. Tex. 2005) (demand for defense is first-party claim), and Housing Auth. of Dallas, Tex. v. Northland Ins. Co., 333 F. Supp. 2d 595, 603 (N.D. Tex. 2004) (same).  In this case, the state appellate court decisions are

persuasive authority,[1] and the court finds that these decisions provide the proper interpretation of the Prompt Payment of Claims statute.

When a Texas statute is clear and unambiguous, courts "should give the statute its common meaning." St. Luke's Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997). If a statute fails to define a term, courts apply and use the term's plain meaning. See Ulico Cas. Co. v. Allied Pilots Assoc., 187 S.W.3d 91, 106 (Tex. App. 2005). However, courts should not adopt a construction of an undefined term that renders a law or provision of a statute meaningless. See Centurion Planning Corp. v. Seabrook Venture II, 176 S.W.3d 498, 504 (Tex. App. 2004).

In the context of insurance coverage, the Texas Supreme Court has defined a first-party claim as "one in which an insured seeks recovery for the insured's own loss." Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 53 n.2 (Tex. 1997) (discussing first-party claim in health insurance coverage context). In contrast, a third-party claim is one in which "the insurer, as a representative of the insured, pays a third-party rather than paying the insured

---

[1] Without clear precedential guidance, the court, exercising diversity jurisdiction, attempts to forecast how the Texas Supreme Court would rule. See Ehlis v. Shire Richwood, Inc., 367 F.3d 1013, 1016 (8th Cir. 2004). Although not bound by the decisions of state intermediate appellate courts, the court views such decisions as "persuasive authority" and will "follow them when they are the best evidence of what [state] law is." Sloan v. Motorists Mut. Ins. Co., 368 F.3d 853, 856 (8th Cir. 2004).

6

directly as it would do in a first-party claim." Global Santa Fe Corp. v. Tex. Prop. & Cas. Ins. Guar. Ass'n, 153 S.W.3d 150, 154 (Tex. App. 2004) (discussing third-party claim in property and casualty insurance context). An insurance company's duty to defend arises only in connection with a third-party claim. Ulico, 187 S.W.3d at 106; see Houston Petroleum Co. v. Highlands Ins. Co., 830 S.W.2d 153, 155 (Tex. App. 1991).

The underlying claim at issue in the LaPray action was a third-party claim. St. Paul's refusal to defend Compaq on that claim did not create a first-party claim for Compaq for two reasons. First, when an insurer refuses to provide a defense, the insured's claim for reimbursement is not a claim for coverage under the insurance policy but is a common law claim for breach of the insurance contract. See TIG, 129 S.W.3d at 239-40. The contractual promise to provide a defense is a feature of the policy - a bargained-for component of the contract between the insurer and the insured. Breaking this promise does not create a first-party claim susceptible to statutory interest under the Prompt Payment of Claims statute. Rather, it creates a breach of contract action related to a defense on a third-party claim. Second, although Compaq chose its own counsel and paid its defense fees, nothing in the policy required it to do so. St. Paul could have directly paid the law firm - a third party. Because the statute applies only to claims that "must" be paid to the insured, Compaq's claim for

reimbursement based on its demand for defense does not trigger the Prompt Payment of Claims statute. See <u>Ulico</u>, 187 S.W.2d at 106. For these reasons, Compaq is not entitled to statutory interest.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that Compaq's motion for statutory damages pursuant to the Texas Insurance Code's Prompt Payment of Claims statute [Doc. No. 175] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  July 16, 2007

                                                      s/David S. Doty
                                                      David S. Doty, Judge
                                                      United States District Court